UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID HORN                                      CIVIL ACTION NO. 20-cv-1119

VERSUS                                          CHIEF JUDGE HICKS

STARR INDEMNITY & LIABILITY CO        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Starr removed this case based on an assertion of diversity jurisdiction, which put the burden on it to allege facts that demonstrate by a preponderance that the amount in controversy exceeds $75,000.  Starr points to the petition, but the petition does not indicate the nature of the plaintiff's injuries except to say Plaintiff was "hurt" in a rear end collision. Plaintiff alleges several categories of damages, but that laundry list is of limited weight because it is found in virtually every petition filed in state court.  Nordman v. Kansas City Southern, 2009 WL 976493 (W.D. La. 2009); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W.D. La. 2012).

Starr notes that Plaintiff did not make an Article 893 allegation that the amount is $75,000 or less, but that is not enough to carry Starr's burden.  Most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, but the omission is entitled to "some consideration" in the inquiry.  Davis v. LeBlanc, 2017 WL 4399275, *2 (W.D. La. 2017) (collecting cases).  Starr also alleges that Plaintiff did not file a stipulation that the amount is not met. But mere silence or inaction by the plaintiff, without facts to suggest the

requisite amount in controversy, cannot satisfy the defendant's burden. Lilly v. Big E
Drilling Co., 2007 WL 2407254, *2 (W.D. La. 2007).

Starr points to the plaintiff's claim for penalties and fees. A claim for attorney's
fees is a part of the amount in controversy if the fees are provided for by contract or state
law. Foret v. Southern Farm Bureau Life Ins. Co., 918 F.2d 534, 537 (5th Cir. 1990). If
fees are available and prayed for, the court may include a reasonable estimate of a fee
award when assessing the amount in controversy. Wright Family Investments, LLC v.
Jordan Carriers, Inc., 2012 WL 2457664, *4 (W.D. La. 2012). But it is hard to make a
reasonable estimate of the penalties and fees at issue without some indication of the
plaintiff's injuries, treatment, etc.

Is this a minor soft tissue injury case, or were there broken bones or serious injuries
that required hospitalization and surgery? The current record does not include any facts
that would help answer that question. Starr is allowed until **September 15, 2020** to file
an amended notice of removal and attempt to provide additional facts relevant to the
amount in controversy. Helpful facts may include a description of the injury or injuries
claimed by the plaintiff, the amount of any pre-suit settlement demands, a description of
the nature, duration, and expense of any medical care, and any other particular facts
regarding the alleged injuries and losses. The court will review the record after the deadline
and assess whether Starr has met its burden of establishing jurisdiction or whether this case
must be remanded.

If Starr lacked information about the amount in controversy, it could have served
requests for admissions or interrogatories aimed at obtaining that information. When the

initial petition does not affirmatively reveal on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount, the removal period would not be triggered until a discovery response or other paper made it unequivocally clear and certain that the amount in controversy exceeds $75,000. Blake v. Wal-Mart Stores, Inc., 358 F.Supp.3d 576 (W.D. La. 2018); Carr v. Mayclin, 2018 WL 4839236 (W.D. La. 2018).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of August, 2020.

Mark L. Hornsby
U.S. Magistrate Judge